NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CIVIL ACTION NO. 16-9177 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| CANDELARIA ASSOC. LLC, d/b/a LOS GUEROS; and MARIA DELCARMEN CANDELARIA, | |
| Defendants. | |

**LINARES, District Judge**

The plaintiff moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for default judgment against the defendants. (See dkt. 7 through dkt. 7-7; dkt. 11.)[1] The defendants did not file opposition to the motion. The Court reviewed all of the papers that the plaintiff submitted in support of the motion, and conducted a telephonic hearing with the plaintiff's counsel and the plaintiff's president on May 24, 2017. See Fed.R.Civ.P. 55(b)(2)(B). For the following reasons, the Court will grant the motion in part.

## BACKGROUND

The Court presumes that the plaintiff is familiar with the underlying facts and

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

procedural history of the action, and thus the Court will only set forth a brief summary here.

On November 21, 2015, the plaintiff commercially distributed a telecast of a professional boxing event (hereinafter, "the Program") by issuing sublicenses for a fee to New Jersey establishments to show the Program to their patrons. (See dkt. 7-7 (the distribution agreement appointing the plaintiff as the exclusive distributor of the Program).) For an establishment with a seating capacity of up to 100 people, the cost of the sublicense would have been $2,200. (See dkt. 7-6 (the plaintiff's rate card).) The defendants, instead of paying the sublicense fee, intercepted the telecast signal and showed the Program in their restaurant (hereinafter, "the Restaurant") for their patrons.

The plaintiff's investigator attests in an affidavit dated almost weeks after the telecast of the Program, i.e., December 3, 2015, that he saw the Program being shown in the Restaurant, which had the capacity to accommodate about fifty-five people, on two televisions in full view. There was no cover charge to enter the Restaurant, and the investigator counted at most thirty-seven patrons in the Restaurant during the ten-minute timespan that he was there. The investigator observed multiple tables and chairs throughout the Restaurant, and he characterized the Restaurant as rating "Fair." (See dkt. 7-3.)

The plaintiff brought this action to recover damages pursuant to, among other things, 47 U.S.C. § 605. Pursuant to Section 605(e)(3)(C)(i)(II), the plaintiff may "recover an award of statutory damages . . . in a sum of not less than $1,000 or more

than $10,000, as the court considers just." Also, pursuant to Section 605(e)(3)(C)(ii), the plaintiff may recover "enhanced damages," meaning that if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." In addition, the plaintiff may recover attorney's fees and costs pursuant to Section 605(e)(3)(B)(iii) if it were to prevail in this action.

Default has been entered against the defendants. (See unnumbered docket entry following dkt. 6.) The plaintiff now moves for the entry of default judgment in its favor. The Plaintiff seeks relief pursuant to only Section 605 in the amounts of: (1) $5,000 in statutory damages; (2) $20,000 in enhanced damages; (3) $540 in costs, comprised of $400 for filing a complaint and $140 for effectuating service on the defendants; and (4) $1,945 in attorney's fees. The plaintiff also seeks an award of post-judgment interest, and seeks to enjoin the defendants from unlawfully intercepting and exhibiting any of its programs in the future.

The Court possesses subject-matter jurisdiction over this action pursuant to 47 U.S.C. § 605(e), which provides for a private right of action. See 28 U.S.C. § 1331. The Court also has personal jurisdiction over the defendants. See Fed.R.Civ.P. 4(e), (4)(h), 4(k).

## ANALYSIS

To recover damages pursuant to Section 605, the plaintiff must demonstrate that

the defendants intercepted the Program without authorization, and that they showed the Program to others. See J & J Sports Productions, Inc. v. Castro, No. 14-557, 2015 WL 389381, at *3 (D.N.J. Jan. 28, 2015).

The plaintiff has submitted a copy of the distribution agreement in order to demonstrate that it had the exclusive right to distribute and to sublicense the Program, and has shown that it did not enter into a sublicense agreement with the defendants. As a result, the plaintiff has established that the defendants were showing the Program to their patrons even though the defendants were not authorized to intercept the Program, and that the interception was willful. Furthermore, the plaintiff's investigator personally witnessed that the defendants were showing the Program to their patrons in the Restaurant, and that there were thirty-seven patrons in the Restaurant, thereby establishing that the defendants were showing the Program to others for commercial gain. See Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *3 (D.N.J. Mar. 13, 2013) (finding that a plaintiff under Section 605 demonstrated entitlement to default judgment). The Court may therefore award enhanced damages, in addition to statutory damages, because the plaintiff has established a cause of action pursuant to Section 605.

The defendants have not responded to either the complaint or the motion, and thus they have waived the opportunity to put forth evidence or facts containing information that would provide a basis for a meritorious defense. See HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). In addition, the

plaintiff has no other way to recover the unpaid sublicense fee or for any other harm caused by the defendants without the entry of a default judgment, and the plaintiff would be prejudiced if a default judgment is not entered. See Int'l Union of Painters v. Andrews Window Servs. LLC, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). Furthermore, the Court may infer the defendants' culpability here, because they have not provided any explanation for their failure to respond. See Waldron, 2013 WL 1007398, at *4. Thus, the Court concludes that the entry of a default judgment is warranted.

I.  **Statutory Damages**

The plaintiff seeks $5,000 in statutory damages. However, the award falling under the heading of statutory damages should approximate the actual damages suffered by the plaintiff, i.e., the unpaid sublicense fee for an establishment to show the Program. See Premium Sports, Inc. v. Silva, No. 15-1071, 2016 WL 223702, at *2 (D.N.J. Jan. 19, 2016). Because the Restaurant could accommodate up to fifty-five patrons, the defendants would have been required to pay a sublicense fee of $2,200. Therefore, the Court awards the plaintiff $2,200 in statutory damages.

II. **Enhanced Damages**

The plaintiff also seeks $20,000 in enhanced damages, arguing that this amount would achieve the goals of restitution and deterrence. However, the plaintiff does not argue that the defendants advertised their broadcast of the Program, charged a cover charge or charged a premium for food and drinks during the Program, or are repeat

offenders of this type of unauthorized conduct. Furthermore, the plaintiff has not submitted a menu or a price list for the types of food and drinks that were served at the Restaurant, and the plaintiff's investigator rated the Restaurant as being merely fair, and thus the Court cannot determine whether the defendants reaped substantial profits from the unauthorized exhibition of the Program. The plaintiff's investigator additionally asserts that his head count revealed only thirty-seven patrons within the Restaurant.

Thus, the Court in its discretion will award enhanced damages of $2,200, which is equal to the cost of the sublicense fee, in order to provide for restitution and deterrence. See Joe Hand Promotions, Inc. v. Cerreto, No. 13-7647, 2014 WL 4612101, at *5–6 (D.N.J. Sept. 15, 2014) (awarding the same for the enhanced damages component).

### III. Costs and Attorney's Fees

The plaintiff seeks $1,945 in attorney's fees and $540 in costs, and has provided the Court with a full and proper explanation for these amounts. (See dkt. 11.) The Court is satisfied that these costs and fees are reasonable, and awards the full amount sought by the plaintiff.

### CONCLUSION

For the aforementioned reasons, the Court grants the plaintiff's motion for default judgment in part. The Court will enter an appropriate order and judgment against the defendants in the total amount of $6,885, which represents $2,200 in statutory damages,

offenders of this type of unauthorized conduct. Furthermore, the plaintiff has not submitted a menu or a price list for the types of food and drinks that were served at the Restaurant, and the plaintiff's investigator rated the Restaurant as being merely fair, and thus the Court cannot determine whether the defendants reaped substantial profits from the unauthorized exhibition of the Program. The plaintiff's investigator additionally asserts that his head count revealed only thirty-seven patrons within the Restaurant.

Thus, the Court in its discretion will award enhanced damages of $2,200, which is equal to the cost of the sublicense fee, in order to provide for restitution and deterrence. See Joe Hand Promotions, Inc. v. Cerreto, No. 13-7647, 2014 WL 4612101, at *5–6 (D.N.J. Sept. 15, 2014) (awarding the same for the enhanced damages component).

### III. Costs and Attorney's Fees

The plaintiff seeks $1,945 in attorney's fees and $540 in costs, and has provided the Court with a full and proper explanation for these amounts. (See dkt. 11.) The Court is satisfied that these costs and fees are reasonable, and awards the full amount sought by the plaintiff.

### CONCLUSION

For the aforementioned reasons, the Court grants the plaintiff's motion for default judgment in part. The Court will enter an appropriate order and judgment against the defendants in the total amount of $6,885, which represents $2,200 in statutory damages,

$2,000 in enhanced damages, $1,945 in attorney's fees, and $540 in costs. The Court also awards post-judgment interest, and enjoins the defendants from unlawfully intercepting and exhibiting any of its programs in the future

                                                 **JOSE L. LINARES**
                                                 United States District Judge

**Dated:** May   25th  , 2017